IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUNCAN L. ELLIS,

          Plaintiff,

    v.                                CASE NO. 12-3044-SAC

BRAD MAY, et al.,

          Defendants.

**O R D E R**

This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in Kansas correctional facility. Plaintiff has not paid the $350.00 district court filing fee required by 28 U.S.C. § 1914(a). Instead, plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

A prisoner seeking to bring a civil action or appeal without prepayment of fees is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

A prisoner must also submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action or appeal from an appropriate official from each prison in which the inmate is or was incarcerated. 28 U.S.C. § 1915(a)(2). The court finds plaintiff has not yet submitted this

required information. The failure to do so within the additional time granted herein may result in plaintiff's motion for leave to proceed in forma pauperis being denied and the complaint dismissed without prejudice based upon plaintiff's failure to satisfy any statutory filing fee provision for proceeding in federal court.

*Reviewing the Complaint for Dismissal, 28 U.S.C. § 1915(e)(2)(B)*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff seeks relief for the alleged violation of his rights under the Fourth and Fourteenth Amendments.

Two defendants are named in the complaint: Brad May and Montgomery County Sheriff Bobbie Derks. Plaintiff states he was shot in the back by May while plaintiff was walking near May's property, and contends the shooting could have been prevented if Sheriff Derks had taken action when May had previously stated he would kill anyone walking near his yard. Plaintiff further states Sheriff Derks refused to investigate May's actions, and thereby granted May full immunity from prosecution. Plaintiff seeks damages from each defendant, and a court order requiring the Sheriff to arrest May, to investigate the incident, and to file criminal charges.

The court first finds plaintiff's claims against defendant May are subject to being summarily dismissed because May is not a "person acting under color of state law" for purposes of stating a claim for relief under 42 U.S.C. § 1983. While plaintiff contends May's actions should be chargeable to the State under the "Joint Action Theory," the court finds no merit to this contention.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation omitted). *See e.g. Lane v. Johnson*, 385 F.Supp.2d 1146 (D.Kan.2005)(private individual who reported alleged crime to police did not act under color of state law, and thus could not be liable under § 1983). While a plaintiff can seek liability under § 1983 against a defendant who is not a state actor by showing that the defendant "is a willful participant in joint action with the State or its agents" to violate a constitutional right, *Dennis v. Sparks,* 449 U.S. 24, 27 (1980), no such showing is made in this case by plaintiff's bare and conclusory allegation of a conspiracy

between the Sheriff and May to allow May to violate the law without prosecution. *See Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir.1990)("mere conclusory allegations with no supporting factual averments are insufficient" to allege a "state action" conspiracy).

The court next finds Sheriff Derks is subject to being summarily dismissed because plaintiff's broad allegations of misconduct by this defendant are insufficient on their face to plausibly establish that this defendant violated any of plaintiff's constitutional rights. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005)(quotation marks and citation omitted). "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989). The Due Process Clause "cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id*.

**Notice and Show Cause Order to Plaintiff**

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff shall supply the court within twenty (20) days with a certified copy of his institutional financial records for the six months preceding February 13, 2012, from all facilities in which he was housed during that

period.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 3rd day of April 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge